[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12054

_____

D. C. Docket No. 04-01775-CV-ORL-28-DAB

MARVIN JENKINS,

Petitioner-Appellant,

versus

ATTORNEY GENERAL OF FLORIDA,
SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 10, 2006)**

Before BLACK and HULL, Circuit Judges, and RYSKAMP,[*] District Judge.

_____

[*]Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District
of Florida, sitting by designation.

PER CURIAM:

Appellant Marvin Jenkins ("Jenkins") contends the district court abused its discretion in denying his Motion to Reinstate his pro se 28 U.S.C. § 2254 habeas petition when the district court dismissed his petition sua sponte, without warning, for failure to pay either the filing fee or formally move to proceed in forma pauperis ("IFP"). Jenkins argues that he had requested his inmate account statement and that his failure to obtain necessary documents to proceed IFP was out of his control and caused by prison officials. In Jenkins's Motion to Reinstate, he swore he submitted a request for his bank account summary to prison officials well before he filed his § 2254 habeas petition. Moreover, as of the date of the Motion, the prison officials had yet to comply with his request. Further, there is no evidence in the record that Jenkins was given notice of Local Rule 1.03(e), which the district court relied on in dismissing sua sponte.

Therefore, under the particular facts of this case, we reverse and vacate the district court's denial of the Motion to Reinstate; order that Jenkins's § 2254 petition be reinstated nunc pro tunc as of the date of its original filing; direct the district court to order the appropriate prison officials to file Jenkins's inmate account statement with the court; and direct the district court to evaluate whether Jenkins should be granted IFP status and have the partial filing fee deducted from

2

his inmate account or whether Jenkins should be required to pay the entire filing

fee within a reasonable specified time period.

**REVERSED, VACATED, AND REMANDED TO REINSTATE PETITION.**